**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIO RODRIGUEZ,

    Petitioner,                              CASE NO. 2:15-11974
                                                   HONORABLE PAUL D. BORMAN
v.                                                    UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

    Respondent,

_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Mario Rodriguez, ("petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 1651. Petitioner does not indicate the conviction that he challenges in this petition. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in 1999 in the St. Clair County Circuit Court of two counts of assault with intent to commit murder, carrying a firearm with unlawful intent, felonious assault, and possession of a firearm in the commission of a felony. Petitioner previously filed a petition for a writ of habeas corpus challenging this conviction. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Rodriguez v. McQuidgen,* U.S.D.C. No. 08-CV-13263 (E.D. Mich. August 25, 1999)(Steeh, J.); *appeal dism.* No. 09-2157 (6th Cir. August 3, 2010). Petitioner has also been denied permission to file a successive habeas petition. *In Re Rodriguez,* No. 12-1605 (6th Cir. March 20, 2013).

For the following reasons, the Court transfers this case to the Court of Appeals.

## I. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A);*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner indicates that he is filing his habeas petition under the All Writs Act contained in 28 U.S.C. § 1651.

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004)(citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In addition, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of

2

state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002). Petitioner cannot use 28 U.S.C. § 1651, the All Writs Act, to circumvent the AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See Morales v. Florida Dept. of Corrections,* 346 F. App'x. 539, 540-41 (11th Cir. 2009); *Brennan v. Wall,* 100 F. App'x. 4, 5 (1st Cir. 2004); *See also Halliburton v. United States,* 59 F. App'x. 55, 56-57 (6th Cir. 2003)(federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255). A common law writ of coram nobis can also not be used to circumvent the AEDPA's prohibition against unauthorized second or successive habeas petitions. *See Trenkler v. U.S.,* 536 F.3d 85, 97-98 (1st Cir. 2008).

Petitioner previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *Cf. In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000)(when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)). The dismissal of petitioner's prior habeas application on the ground that it was barred by the statute of limitations was

3

therefore an adjudication on the merits of petitioner's prior habeas application, for the purpose of § 2244(b).

Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## II. CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2015.

                                                s/Deborah Tofil
                                                Case Manager